FILED

2008 Oct-15  PM 02:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

2008 OCT 14 AM 11: 49

U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

CHEMICAL LIME CO. OF          *
ALABAMA, INC.,               *
                             *
        Plaintiff,           *
                             *
v.                           *     Case Number:__
                             *                      CV-08-PWG-1897-S
DUCON TECHNOLOGIES, INC.,     *
                             *
        Defendant.           *

## ANSWER

COMES NOW Defendant, Ducon Technologies, Inc., and for Answer to the Complaint of the Plaintiff, states as follows:

### Response to "Parties, Venue and Jurisdiction"

1.      Admitted.

2.      Admitted as to place of incorporation and principal place of business. All other allegations are denied.

3.      Denied.

### Response to "Factual Background"

4.      Admitted that the Plaintiff issued invitations to bid on a project involving, among others, the purchase and installation of a scrubber at its facility in Alabama. This Defendant refers the Court to invitation to bid for its terms and conditions. All other allegations are denied.

1

5.    Denied.

6.    Denied.

7.    Denied.

8.    Admitted that the parties entered into an agreement for the purchase of a scrubber and stack, the terms of which are not solely governed by Exhibit A to the Complaint.   All other allegations are denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

## Response to "Count One, Breach of Express Warranties"

14.    This Defendant adopts and incorporates its responses to all preceding paragraphs.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

## Response to "Count Two, Breach of Implied Warranties"

19.    This Defendant adopts and incorporates its responses to all preceding

paragraphs.

20.    This Defendant refers to the cited statute for its language.    All other allegations are denied.

21.    Denied because this paragraph calls for a legal conclusion.

22.    Denied.

23.    This Defendant refers to the cited statute for its language.    All other allegations are denied.

24.    Denied.

25.    Denied.

26.    Denied.

## Response to "Count Three, Breach of Contract"

27.    This Defendant adopts and incorporates its responses to all preceding paragraphs.

28.    Denied.

29.    Denied.

30.    Denied.

## Response to "Count Four, Breach of Warranty"

31.    This Defendant adopts and incorporates its responses to all preceding paragraphs.

32.    Denied.

33.    Denied.

34. Denied.

35. Denied.

**Response to "Count Five, Negligence and Wantonness"**

36. This Defendant adopts and incorporates its responses to all preceding paragraphs.

37. Denied.

38. Denied.

39. Denied.

**DEFENSES**

1. Complaint fails to state a claim upon which relief can be granted.

2. This Defendant pleads the terms and conditions of its invoice.

3. The Plaintiff's claims are barred by its own failure to abide by the terms and conditions of the agreements between the parties.

4. This Defendant pleads the Plaintiff's failure to join an indispensable party.

5. This Defendant pleads estoppel, ratification and bad faith.

6. The Plaintiff has by its conduct waived or is now estopped to obtain any recovery from this Defendant.

7. The Plaintiff did not reasonably mitigate its damages and thus is barred, wholly or partially, from recovery.

8. The Plaintiff is barred from recovery by its own breaches of the contract between the parties.

4

9.      The Defendant pleads unclean hands and laches as defenses.

10.     The Plaintiff's damages are speculative, contingent and unrecoverable as a matter of law.

11.     The Defendant pleads spoliation as a defense.

12.     The Defendant pleads contributory negligence and assumption of the risk.

13.     This Defendant asserts that Plaintiff's damages are the result of an intervening cause.

14.     The damages complained of in the Complaint were not caused by the acts or omission of this Defendant.

15.     Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide

5

specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

16.     Plaintiff's claims for punitive damages violate the Due Process protections of Article I, Sections 6 and 13 of the Constitution of Alabama, on the following grounds:

(a)     It is a violation of Due Process to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide

6

specific standards for the amount of the award of punitive damages; and

(e)    The award of punitive damages in this case would constitute a deprivation of property without due process of law.

17.    The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

18.    This Defendant claims entitlement to the benefits of and protection of Ala. Code (1975) §§ 6-11-20 & 30.

19.    This Defendant avers that the law of the State of Alabama, by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, allows the jury to exercise a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional principle of separation of powers with respect to the Constitution of the United States of America and the Constitution of the State of Alabama, Article III, Sections 42 and 43.

20.    The procedures for assessing and awarding punitive damages as legislatively created and judicially interpreted and modified violate Article I, Section 35 of the Alabama Constitution.

21.    This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are

penal in nature and, consequently, the Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

22.    This Defendant avers that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose punitive damages against it, which are penal in nature, yet compel it to disclose potentially incriminating documents and evidence.

23.    The claims for punitive damages violate Article 1, Section 35 of the Alabama Constitution which grants the legislature the power to determine the extent of punishment applicable to a particular wrong or class of wrong.

24.    The claims of Plaintiff for punitive damages against this Defendant cannot be sustained because any such award of punitive damages under the Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and the Alabama constitutional provisions providing for due process.

25.    The economic penalties of the State of Alabama inflicted in the form of punitive damages are not adequately supported by the state's interest in protecting its consumers and its economy and, therefore, the process deprives this Defendant of property without due process of law in contravention of the rights secured to it by the Fourteenth Amendment to the Constitution of the United States of America.

26.    The process by which Alabama courts allow juries to

8

award punitive damages violates the elementary notions of fairness dictated by United States constitutional law in that it does not provide the defendant with fair notice of what conduct will subject the defendant to punishment nor the severity of the penalty that the state may impose; therefore, the defendant is deprived of his property without due process of law in contravention of the rights secured to this Defendant by the Fourteenth Amendment to the Constitution of the United States of America.

27.    The procedure by which punitive damages are awarded

in the State of Alabama deprives this Defendant of its property without due process of law in contravention of the rights secured to this Defendant by the Fourteenth Amendment to the Constitution of the United States of America in that the procedure does not insure that the punitive damages awarded are reasonably related to the degree of reprehensibility of the defendant's conduct.

28.    This Defendant pleads the applicability and limitations contained in Ala. Code (1975) § 6-11-21 with respect to the recovery of punitive damages.

29.    This Defendant pleads the exclusion of warranties and limitations on damages set forth in the agreements between the parties.

30.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

31.    This Defendant pleads misuse.

32.    The Plaintiff's claimed damages were the result of some action or event

9

following the delivery of the goods in question.

33.     This Defendant pleads its right and entitlement to any and all affirmative
defenses afforded it under the Uniform Commercial Code, as adopted by Alabama and
any other state law that governs the relationship between the parties.

34.     This Defendant reserves the right to amend its Answer and file any other
defenses that further discovery in this case may reveal.

Respectfully submitted this the _14_ day of October, 2008.

R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
RICHARD B. GARRETT (ASB-0782-A29R)
Attorneys for Defendant
DUCON TECHONOLGIES, INC.

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
   & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
E-mail:  RAH2@rsjg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed on this the 14th day of October, 2008:

Allen M. Estes, Esq.
Tyrus B. Sturgis, Esq.
BALCH & MINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306

Of Counsel

11